IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**TIHOMIR MEDIC**
4951 Hunting Park Drive
Franklin, WI 53132

**JOVANNA MEDIC**                             Case No:  11-CV-1007
4951 Hunting Park Drive                       COMPLAINT
Franklin, WI 53132

**NEMANJA MEDIC**
4951 Hunting Park Drive
Franklin, WI 53132

**JAGODA MEDIC**
4951 Hunting Park Drive
Franklin, WI 53132

and

**TIANNA MEDIC**
4951 Hunting Park Drive
Franklin, WI 53132

    Plaintiffs,
   vs.

**COACHLIGHT COMMUNITIES, LLC**
8828 S. Oak Park Drive
Oak Creek, WI  53154

and

**CHRIS KAPPL**
7926 S. Wildwood Dr., Apt.
Oak Creek, WI  53154-7448

    Defendants.

---

**COMPLAINT**

## INTRODUCTION

1.      This is an action brought jointly by plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, and Tianna Medic on their own behalf.  The plaintiffs performed various maintenance work for defendant at its residential rental properties, including Wildwood Preserve, Oak Park, and other units, and were denied overtime wages under multiple illegal pay policies and practices.  Under these policies and practices, plaintiffs were paid at their regular rate for hours worked over 40.  The action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., (FLSA) and the Wisconsin wage payment and overtime laws, Wis. Stats. §§ 103, 104, 109, et seq.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28. U.S.C. § 1367.

3.      Venue is proper in the United States District Court for the Eastern District of Wisconsin because Defendant, doing business as Coachlight Communities, LLC, operates its various facilities in this District and because events giving rise to these claims occurred in this district.

2

## PARTIES

4.  Defendant Coachlight Communities, LLC is a Wisconsin company with its principal place of business in Oak Creek, Wisconsin, which owns and/or operates approximately one thousand (1000) rental properties in the Milwaukee metropolitan area.  Its registered agent for service is defendant Chris Kappl, 7926 S. Wildwood Dr. #1, Oak Creek, WI 53154-7448.

5.   Defendant Chris Kappl is the principal owner of defendant Coachlight Communities, LLC which owns and manages the Apartment Homes of Wildwood Preserve, Oak Park Apartments, Lake Bluff Apartments, and other residential rental units in metropolitan Milwaukee.

6.  On information and belief, Kappl exerted control over the plaintiffs, has an individual ownership interest in Coachlight Communities, LLC, and played an active role in developing, administering and enforcing the policies which led to the pay violations alleged in this complaint.

7.  Plaintiff Tihomir Medic is an adult resident of Frankin, Wisconsin. Tihomir Medic is employed by Defendants and performed work for Defendants within the time period prescribed by the applicable statute of limitations.

8.  Plaintiff Jovana Medic is an adult resident of Franklin, Wisconsin. Jovana Medic was employed by defendants and performed work for Defendants within the time period prescribed by the applicable statute of limitations.

3

9. Plaintiff Nemanja Medic is an adult resident of Franklin, Wisconsin. Nemanja Medic is employed by defendants and performed work for defendants within the time period prescribed by the applicable statute of limitations.

10. Plaintiff Tianna Medic is an adult resident of Franklin, Wisconsin. Tianna Medic was employed by defendants and performed work for defendants within the time period prescribed by the applicable statute of limitations.

11. Plaintiff Jagoda Medic is an adult resident of Franklin, Wisconsin. Jagoda Medic was employed by defendants and performed work for defendants within the time period prescribed by the applicable statute of limitations.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF WISCONSIN LAW

11. Paragraphs 1-12 of this Complaint are re-alleged as though set forth here in full.

12. Coachlight Communities has been, and continues to be an "employer" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. §104.01.

13. Kappl has been, and continues to be an "employer" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. §104.01.

14. At all relevant times, Plaintiffs have been and continue to be Defendants' employees within the meaning of the Wis. Stat. § 103.001(5) and Wis. Stat. § 104.01(2).

4

15. These practices violated and continues to violate Wis. Stat. § 103.03, Wis. Stat. § 104.02, Wisconsin Administrative Code § DWD 272.03 and Wisconsin Administrative Code § DWD 274.03.

16. Wisconsin Statute § 103.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to compensate all non-exempt employees at a rate of not less than one and a half times their regular hourly rate for all hours worked in excess of forty (40) per week.

17. At no time during their employment with defendants have plaintiffs been exempt from overtime pay requirements under Wisconsin law.

18. Throughout the course of their employment, plaintiffs were suffered and permitted to work more than 40 hours per week.

19. At all relevant times, defendants had a policy and practice of failing and refusing to pay plaintiffs at a rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per week.

20. As a result of defendants' willful failure to pay overtime due to plaintiffs, defendants violated, and continue to violate Wis. Stat. §§ 103.03, 104.03, and 109.03, Wisconsin Administrative Code § DWD 274.03, and Wisconsin Administrative Code § DWD 272.03.

21. Plaintiffs seek recovery of attorneys' fees, costs, and expenses of this action to be paid by defendants, as provided by Wis. Stat. § 109.03(6).

22. Plaintiffs seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and Wisconsin

5

Administrative Code §§ DWD 274.03, 272.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from defendants' unlawful and willful conduct as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME**
**COMPENSATION IN VIOLATION OF THE FLSA**

23. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

24. Coachlight Communities, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

25. Coachlight Communities, LLC is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

26. Kappl is an "employer within the meaning of the FLSA 29 U.S.C. § 203(d).

27. Plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, Jagoda Medic, and Tianna Medic Moreno are employees within the meaning of 29 U.S.C. § 203(e).

28. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per week.

29. At no time during their employment were plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, Jagoda Medic and Tianna Medic exempt from the overtime pay requirements under the FLSA.

6

30. During the applicable statute of limitations, plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, Jagoda Medic, and Tianna Medic Moreno were suffered and permitted to more than forty (40) hours per week

31. Plaintiffs were not compensated at a rate of one and a half times their regular rate for any hours worked in excess of forty (40) per week.

32. These practices violated and continue to violate the FLSA including but not limited to 29 U.S.C. §§ 206, 207. Because of these violations, plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, Jagoda Medic and Tianna Medic have suffered a wage loss.

33. Defendants knew or showed reckless disregard for the fact that they failed to pay plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, Jagoda Medic and Tianna Medic overtime compensation in violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Tihomir Medic, Jovanna Medic, Nemanja Medic, and Tianna Medic pray for the following relief:

A. Leave to add additional plaintiffs employed by defendant by motion or any other method approved by the Court;

B. An order finding that defendants violated the FLSA and Wisconsin wage and hour law;

C. An order finding that these violations were willful;

D. Judgment against defendants in the amount equal to the plaintiffs' unpaid back wages at the applicable regular and overtime rate;

E.    An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

F.    An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

G.    Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 27th day of October, 2011.

**HAWKS QUINDEL, S.C.**

By:_____s/Richard Saks_____
          Richard Saks, State Bar No. 1022048
          Email:  rsaks@hq-law.com
          Summer H. Murshid, State Bar No. 1075404
          Email: smurshid@hq-law.com
          222 E Erie Street, Suite 210
          PO Box 442
          Milwaukee, WI 53201-0442
          Telephone: 414/271-8650
          Facsimile:  414/271-8442

          Attorneys for the Plaintiffs

8